## UNIVERSITY GARAGE v. HEISER.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

LIVERY STABLE KEEPERS (§ 7*)—CARE OF AUTOMOBILES—LIABILITY FOR LOSS—THEFT.

    Where plaintiff, storing automobiles of defendant and furnishing supplies during the time the automobiles were stored, recognized his liability to pay for a gas tank stolen from a car while in storage and agreed to replace it without charge, defendant must be allowed the value of the tank in the settlement of plaintiff's claim for storage and supplies.

    [Ed. Note.—For other cases, see Livery Stable Keepers, Cent. Dig. § 6; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the University Garage against Henry A. Heiser. From a judgment for plaintiff, defendant appeals. Conditionally reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

L. Hamilton Rainey, of New York City, for appellant.
Sullivan & Cromwell, of New York City, for respondent.

PER CURIAM. Plaintiff has recovered a judgment for the sum of $253.64 for the storage of automobiles belonging to the defendant and for supplies furnished him during the time he stored his cars

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the plaintiff. The defendant disputed the amount claimed both for storage and for the services and supplies furnished.

We have carefully examined the record, and it shows that the claim of the defendant that he should have a credit for the following items is substantially uncontradicted, viz.: One tube, $10.25; excess storage on one Belmont automobile, $21; overcharge for labor, $1.12; overcharge for storage for September, 1912, $1.67; one side curtain, $8; overcharge on two Deitz burners, $1, on one tail lamp, 45 cents, and on one Presto gas tank, $1.50; one pump returned and sold for defendant $5; on old rubber, 72 cents. There was also a claim made by defendant for one gas tank, which defendant alleged was stolen from his car while in storage, and the preponderance of testimony is in favor of the defendant's contention that the plaintiff recognized his liability to pay for the tank and agreed to replace it without charge. This item should also have been allowed to the defendant. The plaintiff also should not be allowed to recover the sum of $11.25 paid by it for a fan. The total amount of these items is the sum of $76.96, and the judgment should be reduced by that amount.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates within five days after service of a copy of the order entered herewith, with notice of entry thereof, to reduce the judgment to the sum of $176.68 and appropriate costs in the court below, in which event, the judgment as thus reduced is affirmed, without costs to either party on this appeal.